IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

WILLIAM C. SKIBBE,

      Plaintiff,

v.            CIVIL ACTION NO. 2:08-cv-01393

ACCREDITED HOME LENDERS, INC., et al.,

      Defendants.

MEMORANDUM OPINION AND ORDER

   Pending before the court is the defendants Residential Credit Solutions, Inc. ("RCS") and Deutsche Bank National Trust's ("Deutsche") Renewed Motion to Dismiss [Docket 36], Motion to Strike Second Amended Complaint, Count IV of Plaintiff's Amended Complaint, and Reference to Defendant Real Estate Appraiser from Plaintiff's Amended Complaint [Docket 63], and Motion to Dismiss Third Amended Complaint [Docket 68]. For the reasons discussed below, the defendants' motion to strike [Docket 63] and renewed motion to dismiss [Docket 36] are **DENIED as moot.** The defendants' motion to dismiss the Third Amended Complaint [Docket 68] is **GRANTED in part and DENIED in part.**

I.   **Background**

   The plaintiff, William C. Skibbe, resides in a 900 square-foot home in Hurricane, West Virginia. (Third Am. Compl. [Docket 67] ¶¶ 2, 6). In May 2005, the plaintiff responded to a solicitation for a mortgage from the defendants Aames Funding Corp. ("Aames") and Dana Capital Group, Inc. ("Dana"). (*Id.* ¶ 7). An independent appraisal valued the house at $90,000 and the plaintiff obtained a loan for $71,825 on May 7, 2005. (*Id.* ¶¶ 8(c), 9(a)). The plaintiff alleges

that his home had a market value of $51,200 at the time he accepted the loan. (*See id.*). The defendant Accredited Home Lenders, Inc. ("Accredited") is the successor to Aames as Lender and Servicer of the mortgage obtained by the plaintiff and Dana was the broker for the mortgage transaction. (*Id.* at ¶¶ 3, 7). The mortgage is currently held by the defendant RCS and upon foreclosure the property was purchased by the defendant Deutsche. (*Id.* ¶¶ 4-5).

In February 2008, the plaintiff filed suit against Aames, RCS, Deutsche, and Dana in state court. In April 2008, the state court suit was removed to this court and immediately referred under our Local Rules of Civil Procedure to the United States Bankruptcy Court for the Southern District of West Virginia as an adversary proceeding. (*See In re Skibbe*, Case No. 2:08-ap-02024 [Docket 1]). While the case was pending before the bankruptcy court, the plaintiff moved to amend his complaint, which the court granted. (*See* AP-9 Order Granting Motion to Amend [Docket 15-8]). The defendant moved to dismiss the amended complaint. (*See* AP-16 Motion to Dismiss [Docket 15-15]). Upon motion, this court withdrew the reference from the bankruptcy court. (*See In re Skibbe*, Case No. 2:08-ap-02024 [Docket 44]). From May 2009 to April 2013, the case was stayed because of Accredited's Chapter 11 bankruptcy, which ended in liquidation of the company. (*See* Order [Docket 20]; Order [Docket 33]).

After the stay was lifted, the defendants renewed their motion to dismiss the plaintiff's amended complaint. On February 12, 2014, the defendants gave the plaintiff written consent to file an amended complaint. (*See* Consent to File Second Am. Compl. by RCS and Deutsche [Docket 59]). The plaintiff filed his Second Amended Complaint on the same day. (*See* Second Am. Compl. [Docket 60]). The defendants moved to strike the Second Amended Complaint because it added Dana as a defendant, who was not a party in the prior complaint, alleged a count of breach of

fiduciary duty against Dana, and identified Dana's appraiser as a defendant.

On February 25, 2014, with the defendants' consent, the plaintiff filed a Third Amended Complaint. (*See* Third Am. Compl. [Docket 67]). The Third Amended Complaint asserts four counts: (1) the loan was unconscionable under W. Va. Code § 46A-2-121; (2) the defendants fraudulently originated the loan to induce the plaintiff into entering into it; (3) the acts of each defendant were undertaken in the furtherance of a joint venture or conspiracy and that Dana and the appraiser were agents of the remaining defendants; and (4) the loan was originated in violation of W. Va. Code § 31-17-8. (*Id.* ¶¶ 13-31).The Third Amended Complaint also removed Dana as a defendant. (*See id.*).

The defendants moved to dismiss the Third Amended Complaint. The defendants also moved for summary judgment on all counts. In his reply to the motion for summary judgment, the plaintiff abandoned Count II (Fraudulent Origination) and Count III (Joint Venture/Agency). (Pl.'s Mem. of Law in Resp. to Defs.' Mot. for Summ. J. ("Pl.'s Resp. Summ. J.") [Docket 75], at 2 n.1). The plaintiff stated that the "Defendants' motion for summary judgment on these two claims is therefore moot and the counts should be dismissed." (*Id.*).

## II.   Legal Standard

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8 requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. As the Supreme Court recently reiterated in *Ashcroft v. Iqbal*, that standard "does not require 'detailed factual allegations' but 'it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" 556 U.S. 662, 678

(2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) for the proposition that "on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'"). A court cannot accept as true legal conclusions in a complaint that merely recite the elements of a cause of action supported by conclusory statements. *Iqbal*, 129 S. Ct. at 678-79. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). To achieve facial plausibility, the plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable, and those facts must be more than merely consistent with the defendant's liability to raise the claim from merely possible to probable. *Id.*

In determining whether a plausible claim exists, the court must undertake a context-specific inquiry, "[b]ut where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). A complaint must contain enough facts to "nudge[] [a] claim cross the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

4

### III.    Discussion

#### A.  Renewed Motion to Dismiss [Docket 36] and Motion to Strike [Docket 63]

"The general rule . . . is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect." *Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir. 2001). When a plaintiff amends a complaint while a motion to dismiss is pending, a court may deny the motion as moot. *See Turner v. Kight*, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (denying as moot motion to dismiss original complaint because it was superseded by the amended complaint); *see also State Farm Fire & Cas. Co. v. Kudasz*, No. 3:10-cv-545-RJC-DCK, 2011 WL 1830399, at *1 (W.D.N.C. May 12, 2011) ("It is well-settled that a timely filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot."); *Suntrust Mortgage, Inc. v. Busby*, No. 2:09-cv-3, 2009 WL 1658484, at *1 (W.D.N.C. June 11, 2009) (collecting cases standing for the proposition that a motion to dismiss is moot when a plaintiff files an amended complaint). The Third Amended Complaint superseded the Amended Complaint and the Second Amended Complaint. Accordingly, the defendants' renewed motion to dismiss [Docket 36] and motion to strike [Docket 63] are **DENIED as moot.**

#### B.  Motion to Dismiss Third Amended Complaint [Docket 68]

As discussed above, the plaintiff has abandoned and recommended the dismissal of Count II (Fraudulent Origination) and Count III (Joint Venture/Agency). (Pl.'s Resp. Summ. J. [Docket 75], at 2 n.1). Accordingly, Count II and III are **DISMISSED.** I will now review the Third Amended Complaint to determine whether Count I (Unconscionable Contract) and Count IV (Illegal Loan Contract) survive the defendants' motion to dismiss.

### i.  Res Judicata and Waiver

The defendants argue that the doctrines of res judicata and waiver bar the plaintiff's arguments regarding the legal sufficiency of the loan, including whether the loan is unconscionable. In support of their position, the defendants note the plaintiff did not raise any defenses to RCS's motion and the bankruptcy court's Agreed Order to lift the automatic stay. In addition, the defendants observe that the plaintiff did not dispute that he was in default or the propriety of the foreclosure sale.[1]

Res judicata precludes the assertion of a claim after a judgment on the merits in a prior suit between the same parties. *Pueschel v. United States*, 369 F.3d 345, 354-55 (4th Cir. 2004). The doctrine of res judicata has three elements: "(1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits." *Pension Benefit Guar. Corp. v. Beverley*, 404 F.3d 243, 248 (4th Cir. 2005) (quotations omitted). Res judicata affects all of the claims actually presented in the prior action as well as "all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Id.*

The critical element missing here is an adjudication on the *merits*. As the Fourth Circuit has acknowledged in dicta, an order granting relief from the automatic stay, standing alone, should not "be considered a final judgment on the merits sufficient to invoke strict res judicata principles."

---

[1] The defendants cite my prior decision in *Sampson v. Chase Home Fin.*, 667 F. Supp. 2d 692 (S.D. W. Va. 2009) to support their arguments of res judicata. In *Sampson*, during their Chapter 13 bankruptcy, the plaintiffs did not object to the lender's proof of claim or the bankruptcy court's confirmation order. *See id.* at 693-94. After they were discharged, the plaintiffs filed suit in state court asserting several causes of actions, including unconscionable contract. *Id.* at 694. I found that res judicata barred some of the plaintiffs' state law claims, including the one for unconscionability, which arose prior to the plaintiffs' bankruptcy petition. *Id.* at 696-97. Unlike *Sampson*, the defendants here are not arguing that the plaintiff failed to challenge RCS's proof of claim. In addition, as the plaintiff filed a Chapter 7 liquidation, the bankruptcy court did not enter an order confirming a rehabilitation plan. Instead, the defendants focus on the plaintiff's failure to dispute the validity of the loan during the proceedings to lift the automatic stay. Therefore, my analysis will be limited to that argument.

*Cnty. Fuel Co., Inc. v. Equitable Bank Corp.*, 832 F.2d 290, 293 (4th Cir. 1987). When a debtor files a petition for bankruptcy, the automatic stay provisions prevent creditors from collecting on any pre-petition debts. 11 U.S.C. § 362. The automatic stay "gives the debtor a breathing spell from creditors[.]" 2 *Norton Bankruptcy Law and Practice* § 43:4 (3d ed. 2011). It also prevents individual creditors from depleting the bankruptcy estate's finite assets. *See* 1-1 *Collier Bankruptcy Manual* § 1.05 (4th ed. 2010). The stay is problematic for secured creditors who want to foreclose on their collateral before it declines in value. *See id.* "In such a case, bankruptcy proceedings may only delay the inevitable result." *Matter of Vitreous Steel Prods. Co.*, 911 F.2d 1223, 1231 (7th Cir. 1990). For this reason, under certain circumstances, secured creditors can seek relief from the stay under 11 U.S.C. § 362(d). *Id.*

This section allows the bankruptcy court to lift the stay for cause, such as lack of adequate protection for the creditor's interest, or "if the debtor has no equity in the collateral and the collateral is not necessary to an effective reorganization of the debtor." *Estate Const. Co. v. Miller & Smith Holding Co., Inc.*, 14 F.3d 213, 219 (4th Cir. 1994); *see also* 11 U.S.C. § 362(d). Therefore, "the only matters potentially in issue in relation to a motion to lift an automatic stay relate to the adequacy of the creditor's protection, the debtor's equity, and the necessity of the property to effective reorganization; the merits of claims are not in issue and the procedural setting is not one appropriate for the assertion of counterclaims." *Cnty. Fuel*, 832 F.2d at 293. A lift stay proceeding does not "involve full adjudication on the merits of claims, defenses, or counterclaims, but simply a determination as to whether a creditor has a colorable claim to property of the estate." *Canterbury v. J.P. Morgan Mortgage Acquisition Corp.*, No. 3:10-cv-54, 2010 WL 5314543, at *2 (W.D. Va. Dec. 20, 2010) (quotations omitted). Importantly, "[r]elief from the stay is obtained by

a simple motion . . . and it is a contested matter, rather than an adversary proceeding with verified pleadings." *Id.* (quotations omitted). In other words, a contested or uncontested order lifting the automatic stay says nothing about the validity of the underlying obligation. At most, the plaintiff's agreement to lift the stay is an admission that RCS had a colorable claim. *See id.* Because the lift stay proceeding did not adjudicate the merits of the plaintiff's claims, I **FIND** res judicata does not apply.

Citing *County Fuel Co., Inc. v. Equitable Bank Corp.*, 832 F.2d 290 (4th Cir. 1987), the defendants argue the doctrine of waiver bars the plaintiff's claims. In *County Fuel*, the debtor, County Fuel, filed for Chapter 11 bankruptcy. *Id.* at 291. The creditor, Equitable, filed a proof of claim that included the principal due on the loan as well as attorney fees. *See id.* County Fuel did not object to the validity of the claim, but did object to the inclusion of attorney fees. *See id.* The bankruptcy court allowed the claim and lifted the automatic stay. *See id.* at 291-93. By further order, the bankruptcy court also allowed Equitable to recover attorney fees. *Id.* at 293. County Fuel contested the attorney fees, but "expressly conceded that Equitable's secured claim for pre-petition debts 'are not objected to, and in fact have been paid in full.'" *Id.* at 293. Two years later, County Fuel filed a breach of contract action against Equitable in state court. *Id.* at 292, 294 n.2. County Fuel alleged that Equitable breached its oral promise not to call the loan so long as County Fuel's accounts receivable provided adequate security for the loan. *Id.* at 292.

The Fourth Circuit found that County Fuel had waived its breach of contract claim for several reasons:

> [W]e are satisfied that County Fuel's failure to object or to assert its claim as a counterclaim to Equitable's claim in the bankruptcy proceeding, followed by Equitable's satisfaction of the principal amount of its claim upon lifting of the automatic stay, followed by County Fuel's express concession of the validity of

8

> Equitable's principal claim in the course of objecting to its further claim for
> attorney fees, suffices to preclude County Fuel's later independent actions.

*Id.* at 293. The successful prosecution of the breach of contract claim would have nullified the bankruptcy court's order allowing attorney fees. *See id.* In addition, it would have forced Equitable to return the amount it had received in satisfaction of its claim. *Id.*

With the exception of RCS's successful foreclosure of the plaintiff's property, the "total compass" of the *County Fuel* factors are not present here. Unlike *County Fuel*, the plaintiff did not explicitly concede to the validity of RCS's proof of claim. To the contrary, in his amended schedules, the plaintiff listed his claim against the defendants as an asset. (*See* Am. Schedule of Assets and Liabilities [Docket 72-1]). In addition, it is not clear, as it was in *County Fuel*, that the plaintiff's successful prosecution of his claims would nullify the prior order of the bankruptcy court. In *County Fuel*, the successful counterclaim would have nullified the prior attorney fees decision because if County Fuel did not owe the principal amount, due to breach of contract, then the attorney fees were not recoverable. *See Cnty. Fuel*, 832 F.2d at 293.

Here, the Agreed Order lifts the automatic stay to permit the foreclosure sale, removes the property from the bankruptcy estate, and states that the plaintiff will surrender possession on January 16, 2008. (*See* Agreed Order Granting Relief from Automatic Stay [Docket 68-2]). The Agreed Order does not indicate that the plaintiff is waiving all claims or defenses with respect to the underlying loan. Thus, the successful prosecution of the plaintiff's claims does not nullify the Agreed Order, which only *permitted* RCS to foreclose. Accordingly, I will not dismiss the plaintiff's claims on the theory of waiver.

### ii.  Count IV – Illegal Loan Contract

The plaintiff alleges that the loan was originated in violation of W. Va. Code §

31-17-8(m)(8).[2] Section 31-17-8(m)(8) states in relevant part:

> (m) In making any primary or subordinate mortgage loan, no licensee may, and no primary or subordinate mortgage lending transaction may, contain terms which:
>
> . . . .
>
> (8) *Secure a* primary or subordinate *mortgage loan in a principal amount that*, when *added to the aggregate total of the outstanding* principal balances of all other primary or subordinate mortgage *loans* secured by the same property, *exceeds the fair market value of the property* on the date that the latest mortgage loan is made.

W. Va. Code § 31-17-8(m)(8) (emphasis added).

By its terms, the statute does not apply when a borrower takes out her first mortgage loan and the principal balance of that loan exceeds the fair market value of the property at the time the loan is made. This section applies when a borrower takes out an additional mortgage loan, and the principal balance of that loan, when *added* to the outstanding balance of *other existing loans*, "exceeds the fair market value of the property on the date that the latest mortgage loan is made." *Id.* Thus, the plain language of the statute requires the existence of other mortgage loans before it will apply. Here, the plaintiff has not alleged the existence of other loans or their corresponding balances. The plaintiff has only alleged that the principal balance of his mortgage loan exceeded the fair market value of his home at the time the loan was made. Therefore, the plaintiff has not alleged facts upon which relief may be granted. Accordingly, I **GRANT** the defendants' motion to dismiss with respect to Count IV (Illegal Loan Contract).

---

[2] Although it is unclear in the complaint which provision of W. Va. Code § 31-17-8 the defendants are alleged to have violated, the defendants assume that this refers to clause (m)(8) of the statute. The plaintiff confirms this assumption in his Response. (*See* Pl.'s Mem. of Law in Resp. to Defs.' Mot. to Dismiss Pl.'s Third Am. Compl. [Docket 72], at 8 n.3). Therefore, I will proceed as if this were the only clause pled in Count IV of the Amended Complaint.

**IV.     Conclusion**

For the reasons discussed above, the defendants' motion to strike [Docket 63] and renewed motion to dismiss [Docket 36] are **DENIED as moot.** The defendants' motion to dismiss the Third Amended Complaint [Docket 68] is **DENIED in part and GRANTED in part.**

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:      May 21, 2014

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE